UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Manuel Eleisa,<br><br>　　　　　　　　　　Petitioner<br><br>v.<br><br>Natalie Wood, et al.,<br><br>　　　　　　　　　　Respondents | Case No. 2:21-cv-00734-JAD-EJY<br><br>**Order Granting Counsel's Motion to Withdraw and Instructing Petitioner to File a Notice of Change of Address**<br><br>[ECF No. 4] |

　　　　Petitioner Carlos Manuel Eleisa has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254,[1] and his counsel filed a motion to withdraw.[2]  Because I find good cause, I grant counsel's motion to withdraw and instruct petitioner to update his address by filing a notice of change of address as required by this court's local rules.

### Background

　　　　James Hoffman, Esq. was appointed to represent Eleisa in his state post-conviction appeal when former counsel abandoned the case without filing briefs.[3]  Mr. Hoffman represents that Eleisa was released from prison before counsel was appointed to represent him in the state habeas case.[4]  Mr. Hoffman further explains that he filed the four-page petition in an effort to preserve Eleisa's rights, despite the fact that he has never been in contact with Eleisa.[5]

　　　　The petition challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State of Nevada v. Carlos Manuel Eleisa*, Case No. C-14-297592-1.[6]  On April 4, 2015, the state court entered a judgment of conviction for one count of burglary, one count

---

[1] ECF No. 1.

[2] ECF No. 4.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

of first-degree kidnapping, one count of assault, one count of battery constituting domestic violence, and one count of robbery. The Nevada Supreme Court affirmed the conviction. In February 2017, petitioner filed a state petition for writ of habeas corpus, which the state court denied. That denial was reversed because Eleisa was not appointed counsel. In June 2019, the state court again denied post-conviction relief, and petitioner filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief in April 2021, and a remittitur issued the following month. On May 3, 2021, petitioner initiated this federal habeas corpus proceeding.

## Discussion

### I.   Motion to Withdraw

Eleisa is currently represented by Mr. Hoffman based on the Nevada Supreme Court's appointment in the state post-conviction appeal.[7] Mr. Hoffman represents that Eleisa was released from prison before he was appointed, that he has never been in contact with Eleisa, and that he has exhausted his efforts in locating Eleisa.[8] I find good cause exists to grant counsel's motion to withdraw.

### II.   Notice of Change of Address

In addition to Mr. Hoffman's representations, the inmate locator tool on the Nevada Department of Corrections website similarly reflects that Eleisa has been paroled.[9] The Local Rules of Practice require all parties, including habeas petitioners, to immediately provide the court a written notice of any change of address.[10] Those rules also warn that failure to comply may result in dismissal of the action, with or without prejudice, or other sanctions that the court deems appropriate.[11] Eleisa has not provided this court with his current address, violating this local rule.

---

[7] ECF No. 4 at 2.

[8] *Id.*

[9] NDOC, https://ofdsearch.doc.nv.gov/.

[10] LR IA 3-1, LR 2-2.

[11] LR IA 3-1, LR 2-2; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.")

**Conclusion**

IT IS THEREFORE ORDERED that Counsel's Motion to Withdraw **[ECF No. 4] is GRANTED**.

IT IS FURTHER ORDERED that **Mr. Eleisa must update his address by filing a notice of change of address by October 21, 2021.** If he fails to do so, this case may be dismissed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
September 21, 2021